UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LUBA CASUALTY INSURANCE CO. | CIVIL ACTION NO. 20-cv-0520 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JPD REAL ESTATE, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Luba Casualty Insurance Company filed this civil action for reimbursement of workers' compensation death benefits paid to the widow of Antorian Johnson. Plaintiff named as defendants Comstock Oil & Gas-Louisiana, LLC, Chesapeake Operating, LLC ("Chesapeake"), Vine Resources, Inc., JPD Real Estate ("JPD") and Dr. John P. Davis ("Dr. Davis"). Chesapeake removed the case to this federal court on the basis of diversity jurisdiction.

Chesapeake acknowledged that defendants JPD and Dr. Davis both appear to be Louisiana citizens, which would destroy diversity, but Chesapeake asserted that the citizenship of those defendants should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). The court issued an order (Doc. 8) and instructed Luba to file a motion to remand by June 19, 2020 if it contests the assertion that JPD and Dr. Davis were improperly joined. The order stated that if Luba did not timely file a motion to remand and challenge the improper joinder plea, the court would consider Luba to concede the point, JPD and Dr. Davis would be dismissed. The June 19 deadline has passed, and Luba did not file a motion to remand

to challenge the improper joinder plea. Accordingly, the court considers Luba to have conceded that JPD and Dr. Davis were improperly joined. The appropriate action when a defendant has been improperly joined is to dismiss all claims against that defendant without prejudice. International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016). Accordingly, **all claims against JPD Real Estate, LLC and John P. Davis, Jr. are dismissed without prejudice**.

With respect to the amount in controversy, the notice of removal alleges that Louisiana Revised Statute §§ 23:1231-33 provide that the death benefits paid to Mr. Johnson's widow "would be thirty-two and one-half percent of his average weekly wage for the rest of her life or until she remarries." In accordance with Louisiana law, the petition did not set forth a demand for a specific amount of damages. The court allowed Chesapeake an opportunity to amend its notice of removal to include specific facts regarding the amount in controversy and directed Chesapeake to "cite any authority it has with respect to the consideration of potential future payments when assessing the amount in controversy."

Chesapeake filed an amended notice of removal that stated that if Mr. Johnson had been an average wage earner, his surviving widow would be entitled to $288.07 per week, but Chesapeake estimated that Mr. Johnson's wages as a truck driver would be above average and increase that amount. Based on Mrs. Johnson's life expectancy, the total benefits paid would be almost $500,000 for the average wage and would exceed $300,000 for even the minimum weekly benefit. Chesapeake did not, however, cite any legal

authority regarding the assessment of the amount in controversy when future benefits are at issue.

This issue sometimes arises in connection with claims for benefits payable under a disability policy. The general rule is that future benefits payable pursuant to a disability policy are not to be calculated to determine the amount in controversy. See 14B Wright, Miller & Cooper, Federal Practice and Procedure §3710 ("The prevailing view [in disability policy claims] is that only the amount of the installments unpaid at the commencement of the suit may be taken into account, even though the judgment will be determinative of the company's liability for future installments."); Joseph E. Edwards, LL.B., Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of, Disability Insurance, 11 A.L.R. Fed. 120 ("Although there is some authority which could arguably be asserted as supporting a contrary view, it has been generally held that future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy."); and Shoemaker v. Sentry Life Ins. Co., 484 F.Supp.2d 1057 (D. Ariz. 2007)(collecting cases) and DiSanto v. Bankers Life and Casualty Company, 2012 WL 13013080 (S.D. Fla. 2012) (same).

The rationale for the rule is that the amount in controversy is assessed in a "snapshot" fashion at the time of removal. When the case is removed, it is uncertain whether there is a dispute as to future payments. The claimant's health or other factors

could change in the future and result in the company (1) later paying the benefits voluntarily or (2) being admittedly justified in not paying benefits. A judgment based on the claim for amounts due at the time of removal is not *res judicata* as to liability under the policy in the future, which hinges on unpredictable facts.

It appears, however, that the Supreme Court carved out an exception in a case with similar facts. A widow alleged that her husband died as a result of an accident during the course and scope of his employment and, pursuant to Tennessee workman's compensation law, she demanded benefits that were payable in installments that would terminate upon her death or remarriage. The Court held in Aetna Casualty &Surety Company v. Flowers, 67 S.Ct. 798 (1947) that the amount in controversy did include the future payments and was not limited to the accrued installments. The Fifth Circuit has also stated that the amount in controversy requirement was met when workers' compensation death benefits payable to a widow for life were projected to exceed $1,000,000. American Zurich Ins. Co. v. Jasso, 598 Fed. Appx. 239, 244-45 (5th Cir. 2015).

Given Flowers and Jasso, the court makes **a preliminary finding that Chesapeake has met its burden with respect to the amount in controversy and that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.** This finding is preliminary and may be reconsidered sua sponte or on appropriate motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of July, 2020.



Mark L. Hornsby
U.S. Magistrate Judge